IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LATANYA MCPHERSON,

    Plaintiff,

CASE NO.: 6:16-CV-1046-ORL-40-TBS

vs.

SOUTHWEST AIRLINES, INC., and
AIRTRAN AIRWAYS, INC.,

    Defendants.
_____/

## DEFENDANTS' NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §1446, Defendants SOUTHWEST AIRLINES CO. (hereinafter referred to as "SWA") and AIRTRAN AIRWAYS, INC. (hereinafter referred to as "AirTran"), hereby remove to this Court the action filed against it in the Ninth Judicial District in and for Orange County, Florida, Civil Division, Case Number 2015-CA-009779-O. As grounds for removal of this action to the United States District Court for the Middle District of Florida, Orlando Division, Defendants state as follows:

    1.    On or about October 22, 2015, Plaintiff filed a lawsuit in the Ninth Judicial District in and for Orange County, Florida, styled LATANYA MCPHERSON, Plaintiff, vs. SOUTHWEST AIRLINES, INC., and AIRTRAN

1

AIRWAYS, INC., Defendants, Case Number 2014-CA-009779-O (hereinafter referred to as the "State Court Action").

2. Attached to this Notice are copies of all pleadings on file in the State Court Action, to the present date. (Composite Exhibit A.)

3. Plaintiff is alleged to be a resident of the State of Georgia.

4. Defendant SWA is a Texas corporation with its principal place of business in the State of Texas. (See Affid. of S. Moore, ¶3, attached as Exhibit B.)

5. Defendant AirTran is alleged to be a "foreign corporation." (Compl. ¶4.) As of the date the lawsuit was filed and thereafter, AirTran has been a Delaware corporation with its principal place of business in Texas.[1] In order to determine whether diversity exists, the Court must determine the citizenship of the parties at the time the lawsuit was filed. See Group Dataflux v. Atlas Glob. Group, L.P., 541 U.S. 567, 570-71 (2004) ("It has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.'").

6. For the foregoing reasons, complete diversity exists between the parties for the purposes of removal.

---

[1] Prior to May 2, 2011, AirTran was a subsidiary of AirTran Holdings, Inc. On May 2, 2011, AirTran Holdings, Inc. merged with AirTran Holdings, LLC. AirTran Holdings, LLC continued as the surviving entity as a subsidiary of SWA. On October 22, 2015 (the date of filing), AirTran Holdings, LLC was a Texas limited liability company with its principal place of business in Texas. The sole member of AirTran Holdings, LLC is and was SWA. (See Affid. of S. Moore, ¶¶4-7.)

7. In the Complaint, Plaintiff did not allege her total amount of damages, but rather alleged damages in excess of $15,000.

8. On or about May 17, 2016, Defendants received Plaintiff's answers to a Request for Admissions, Interrogatories and Request for Production. In response to Request for Admissions, Plaintiff denied that 1) the amount in controversy in this case is Seventy-Five Thousand Dollars ($75,000.00) or less, exclusive of interest and costs, and 2) she is seeking less than Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs in this matter. (Request and Response attached as Composite Exhibit C.)

9. Further, when asked to describe her injuries in Interrogatory No. 11, Plaintiff attested that she is claiming injuries to her neck, back, right shoulder and right ankle. She is claiming permanent injury to her right ankle and permanent scarring from surgery. She asserts that all of her normal activities are now restricted and she has difficulty walking, running, and dancing. She has chronic pain in her foot even when sitting. She has sought treatment for resulting depression and the injury has "greatly impacted [her] life and [her] enjoyment." (Exhibit D.)

10. Finally, in response to the Request for Production, Plaintiff produced hundreds of pages of medical bills and other records, including a two-page document entitled "SPECIAL DAMAGES." (Exhibit E.) In that document,

Plaintiff lists a series of medical treatment charges she attributes to this incident, totaling over $20,000. She also specifically asserts that she has lost 1.5 years of work with a lost income of over $118,000. Further, she lists her claimed injuries and even asserts that she is scheduling a second surgery. While there are likely other damages being claimed in this matter, the past lost income alone satisfies the statutory requirement for removal.

11. This Court has jurisdiction over this controversy pursuant to 28 U.S.C. § 1332 in that it is a controversy wholly between citizens of different states, and the amount in controversy, exclusive of interest and costs, exceeds $75,000. This is an action subject to removal to this Court under 28 U.S.C. § 1441(a).

12. This Notice is timely filed as it was filed within thirty (30) days of Defendant's first notice from which it may be ascertained that this case is removable: the Plaintiff's responses to Defendants' Request for Admissions, Interrogatories and Request for Production, establishing that the damages sought are more than $75,000.

13. Written notice of this filing is being promptly given to counsel for Plaintiff, and Notice of Removal is being promptly filed with the Clerk of the Court for the Ninth Judicial Circuit in and for Orange County as required by 28 U.S.C. §1446(d). A copy of this Notice is attached hereto as Exhibit F.

WHEREFORE, Defendants SOUTHWEST AIRLINES CO. and AIRTRAN AIRWAYS, INC., request that the action now pending in the Ninth Judicial Circuit in and for Orange County, Florida be removed to the United States District Court for the Middle District of Florida, Orlando Division, and further requests that this Court assume jurisdiction over this action as provided by law.

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2016, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system. I further certify that I mailed the foregoing document by first-class mail to the following:

JOHN W. DILL, ESQUIRE
Morgan & Morgan, P.A.
20 N. Orange Avenue, 16th Floor
Orlando, FL 32801
jdill@forthepeople.com and fhurdle@forthepeople.com

By: *s/ Jeffrey M. James*
Jeffrey M. James, Esq.
FBN: 674885
Richard K. Bowers, Jr., Esquire
FBN: 0304344
**BANKER LOPEZ GASSLER P.A.**
501 E. Kennedy Blvd., Suite 1500
Tampa, FL 33602
Tel: 813-221-1500
Fax: 813-222-3066
Email: service-jjames@bankerlopez.com
Email: service-rbowers@bankerlopez.com
Attorneys for Defendants