Filing # 33580428 E-Filed 10/22/2015 04:29:34 PM

IN THE CIRCUIT COURT OF THE NINTH
JUDICIAL CIRCUIT, IN AND FOR
ORANGE COUNTY, FLORIDA

CASE NO.:

LATANYA MCPHERSON

        Plaintiff,

vs.

SOUTHWEST AIRLINES, INC. and
AIRTRAN AIRWAYS, INC.

        Defendants.
_____/

## COMPLAINT

Plaintiff, LATANYA MCPHERSON., by and through undersigned counsel, hereby sues Defendants, SOUTHWEST AIRLINES, INC, and AIRTRAN AIRWAYS, INC., and alleges:

1. This is an action for damages that exceed Fifteen Thousand ($15,000.00) Dollars exclusive of interest, costs and attorneys' fees.

2. Plaintiff is a natural person residing in Atlanta, Georgia.

3. Defendant SOUTHWEST AIRLINES, INC. is a corporation authorized to do business and doing business in Orange County, Florida.

4. Defendant AIRTRAN AIRWAYS, INC. is a foreign corporation authorized to do business and doing business in Orange County, Florida.

5. At all times material to this cause of action, Defendants, SOUTHWEST AIRLINES, INC. and AIRTRAN AIRWAYS, INC, owned, maintained and operated a passenger plane which transported Plaintiff and also owned, and individually or through agents maintained

and individually or through agents operated a jet bridge for the purpose of disembarking passengers at Orlando International Airport in Orlando, Orange County, Florida.

6. At all times material to this cause of action, Defendants had possession and control of the jet bridge and exit door of a plane which was a domestic flight from Atlanta Georgia, where the incident described in this Complaint occurred and was responsible for the inspection, maintenance and upkeep of said premises.

7. On or about October 26, 2011, Plaintiff was a passenger departing the domestic flight from Atlanta, Georgia which had arrived at Orlando International Airport in Orlando, Orange County Florida.

8. While on said premises, Defendants owed Plaintiff, a duty to exercise reasonable care for the safety of the Plaintiff.

8. At the time Plaintiff departing the plane, a dangerous condition existed on said premises. This dangerous condition consisted of a gap or space in the jet bridge where Plaintiff traversed while exiting the plane.

9. Defendants breached the duty owed to Plaintiff as a business invitee, by committing one or more of the following acts or omissions:

(a) Negligently failing to maintain or adequately maintain the floor area in and around the jet bridge by allowing the dangerous condition to exist at the time Plaintiff was in the area;

(b) Negligently failing to inspect or adequately inspect the jet bridge and exit in and around the meat department on the premises to determine whether the dangerous condition existed at the time Plaintiff was in the area;

(c) Negligently failing to warn or adequately warn Plaintiff of the dangerous condition when Defendants knew or should have known of its existence and when Plaintiff was unaware of said dangerous condition;

(d) Negligently failing to correct, or adequately correct the dangerous condition when Defendants knew or should have known of its existence;

(e) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting the premises for dangerous conditions;

(f) Negligently failing to provide a safe and secure means of moving about the premises for Plaintiff upon said premises;

(g) Negligently failing to train and/or inadequately training its employees to inspect the premises for dangerous conditions;

(h) Negligently failing to follow its own corporate policy and other applicable regulations regarding the dangerous condition; and,

(i) Negligently failing to act reasonably under the circumstances.

10. As a direct and proximate result of Defendants' negligence, Plaintiff's foot and ankle became trapped while she walked, causing Plaintiff to sustain the injuries and damages as hereinafter alleged.

11. The specific manner in which Plaintiff was injured was foreseeable to Defendants and Defendants knew or should have known of the specific risks of harm to Plaintiff as a result of Defendants' negligence.

12. As a direct and proximate result of the negligence, Plaintiff suffered bodily injury including a permanent injury to the body as a whole, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of an existing condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a normal life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, demands judgment for damages against Defendants, and other such relief deemed proper by the Court. Plaintiff also demands a jury trial on all issues so triable.

/s/John W. Dill
JOHN W. DILL, ESQUIRE
Florida Bar Number 981680
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL  32802-4979
Telephone:  (407) 420-1414
Facsimile:  (407) 245-3371
Primary E-Mail:  jdill@forthepeople.com
Secondary E-Mail:  fhurdle@forthepeople.com
Attorneys for Plaintiff