UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LATANYA MCPHERSON,

       Plaintiff,

v.                                  Case No:  6:16-cv-1046-Orl-40TBS

AIRTRAN AIRWAYS, INC.,

       Defendant.

_____/

## COURT'S INSTRUCTIONS TO THE JURY

## Jury Instruction No. 1

Members of the jury:

It is my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

## Jury Instruction No. 2

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

## Jury Instruction No. 3

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I have said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence, you may use reasoning and common sense to make deductions and reach conclusions. You should not be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## Jury Instruction No. 4

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

## Jury Instruction No. 5

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception.

The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## Jury Instruction No. 6

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

## Jury Instruction No. 7

The claims and defenses in this case are as follows. Plaintiff claims that Defendant was negligent in operating a jetbridge at the Orlando International Airport which caused her harm.

Defendant denies that claim and also claims that Plaintiff was herself negligent in failing to avoid the alleged gap or otherwise causing herself to be injured which caused her harm.

Plaintiff must prove her claim by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.

## Jury Instruction No. 8

"Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.

## Jury Instruction No. 9

Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.

## Jury Instruction No. 10

Negligence is a legal cause of loss, injury or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury or damage, so that it can reasonably be said that, but for the negligence, the loss, injury or damage would not have occurred.

In order to be regarded as a legal cause of loss, injury, or damage, negligence need not be the only cause. Negligence may be a legal cause of loss, injury, or damage even though it operates in combination with some other cause if the negligence contributes substantially to producing such loss, injury, or damage.

## Jury Instruction No. 11

If the greater weight of the evidence does not support Plaintiff's claims, your verdict should be for Defendant.

## Jury Instruction No. 12

If, however, the greater weight of the evidence supports Plaintiff's claim, then you shall consider the defense raised by Defendant.

On the defense, the issue for you to decide is whether Plaintiff was herself negligent in failing to avoid the alleged gap or otherwise causing herself to be injured. If so, whether that negligence was a contributing legal cause of injury or damage to Plaintiff.

## Jury Instruction No. 13

If the greater weight of the evidence does not support Defendant's defense and the greater weight of the evidence does support Plaintiff's claim, then you should decide and write on the verdict form what percentage of the total negligence of both parties was caused by each party.

If, the greater weight of the evidence shows that both Plaintiff and Defendant were negligent and that the negligence of each contributed as a legal cause of loss, injury or damage sustained by Plaintiff, you should decide and write on the verdict form what percentage of the total negligence of both parties to this action was caused by each of them.

13

## Jury Instruction No. 14

If your verdict is for Defendant, you will not consider the matter of damages. But if the greater weight of the evidence supports Plaintiff's claim, you should determine and write on the verdict form, in dollars, the total amount of damage which the greater weight of the evidence shows will fairly and adequately compensate her for her loss, injury or damage including any damages that Plaintiff is reasonably certain to incur or experience in the future.

<u>Jury Instruction No. 15</u>

In determining the amount of damages, you shall consider the following elements:

a. *Injury, pain, disability, disfigurement, loss of capacity for enjoyment of life:*

Any bodily injury sustained by Plaintiff and any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience, or loss of capacity for the enjoyment of life experienced in the past or to be experienced in the future. There is no exact standard for measuring such damage. The amount should be fair and just in the light of the evidence.

b. *Medical expenses:*

Care and treatment of claimant:

The reasonable expense of hospitalization and medical and nursing care and treatment necessarily or reasonably obtained by Plaintiff in the past or to be so obtained in the future.

c. *Lost earnings, lost time, lost earning capacity:*

When lost earnings or lost working time shown:

Any earnings lost in the past.

15

## Jury Instruction No. 16

Plaintiff cannot recover, as a matter of law, any damages (including lost wages) she incurred as a result of this accident that she could have reasonably avoided through ordinary and reasonable care, and without extraordinary efforts, undue risk, undue expense, undue burden or humiliation. If you find by the greater weight of the evidence that Plaintiff failed to undergo such reasonable care to reduce her damages, then any damages resulting from these failures are not the responsibility of the Defendant and should not be included in your award if you find for Plaintiff.

## Jury Instruction No. 17

In determining the total amount of damages, you should not make any reduction because of the negligence, if any, of Plaintiff. The court will enter a judgment based on your verdict and, if you find that Plaintiff was negligent in any degree, the court in entering judgment will reduce the total amount of damages by the percentage of negligence which you find was caused by Plaintiff.

The court will also take into account, in entering judgment against the defendant who you find to have been negligent, the percentage of that defendant's negligence compared to the total negligence of all the parties to this action.

## Jury Instruction No. 18

Any amount of damages which you allow for future medical expenses should be reduced to its present money value and only the present money value of these future economic damages should be included in your verdict.

The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate Plaintiff for these losses as they are actually experienced in future years.

## Jury Instruction No. 19

You should not reduce the amount of compensation to which Plaintiff is otherwise entitled on account of wages or medical insurance payments which the evidence shows Plaintiff received from her insurance company. The court will reduce as necessary the amount of compensation to which Plaintiff is entitled on account of any such payments.

## Jury Instruction No. 20

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone. Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

20

## Jury Instruction No. 21

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

### [Explain verdict form]

Take the verdict form with you to the jury room. When you all have agreed on the verdict, your foreperson must fill in the form, sign it, and date it. Then you will return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I will respond as promptly as possible— either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.